IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLOBAL BROTHER SRL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MUHAMMAD KHALID RAHEEM, SOHAIB MEHAR, MUHAMMAD KHALID RAHEEM LTD., and JOHN DOES 1–10,<br><br>　　　　Defendants. | C.A. No. 25-_____ |

**COMPLAINT**

Plaintiff Global Brother SRL ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendants MUHAMMAD KHALID RAHEEM, SOHAIB MEHAR, MUHAMMAD KHALID RAHEEM LTD., and JOHN DOES 1-10 (collectively, "Defendants"), and alleges as follows:

**NATURE OF THE ACTION**

This is a civil action for copyright infringement and related claims arising under the Copyright Act of 1976, 17 U.S.C. §§101 et seq., trademark infringement, false designation of origin, and unfair competition under the Lanham Act, and related violations of Delaware law.

1. Plaintiff is a worldwide publisher of books and has invested substantial resources in creating and distributing its protected materials, including copyrighted books and associated images, registered trademarks, trade dress, and intellectual property rights.

2. Defendants, individually and acting in concert with one another, have engaged in the unauthorized reproduction, advertisement, distribution, and sale of counterfeit or infringing versions of Plaintiff's book titled "FORGOTTEN HOME APOTHECARY: 250 POWERFUL

REMEDIES AT YOUR FINGERTIPS" ("Forgotten Home Apothecary," or the "Work"). The Work has achieved substantial commercial success and consumer recognition, including appearing on Amazon bestseller charts in categories relating to natural remedies and herbal medicine.

3. Defendants' activities occur through multiple online storefronts and internet domains, including but not limited to <www.shopspikes.com> and <www.buycura.co>, and related Shopify storefronts, and are directed toward consumers in the United States. Defendants' conduct occurs in and substantially affects interstate commerce within the meaning of the Lanham Act, 15 U.S.C. §§1114 and 1125.

4. Through this action, Plaintiff seeks to protect its exclusive intellectual property rights and to prevent further infringement and consumer deception.

5. Plaintiff seeks injunctive relief, enhanced statutory damages for willfulness, actual damages, attorneys' fees, and all other relief the Court deems appropriate.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under federal law, including the Copyright Act and Lanham Act.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), which grants federal district courts original jurisdiction over actions relating to copyrights and trademarks.

8. This Court also has jurisdiction under 15 U.S.C. § 1121 for actions arising under the Lanham Act; the Court has supplemental jurisdiction over related state law claims under 28 U.S.C. § 1367; and, venue is proper in this District pursuant to 28 U.S.C. § 1391.

9. 9. Defendants have expressly consented to the jurisdiction of the United States District Court for the District of Delaware by submitting DMCA counter-notices in response to

Plaintiff's takedown requests. In those counter-notices, Defendants expressly agreed to accept service and submit to jurisdiction in the District of Delaware if litigation were filed.

## THE PARTIES

10. Plaintiff GLOBAL BROTHER SRL is a Romanian Societate cu Raspundere Limitata organized under the laws of Romania with its principal place of business at Ghiozdanului 22A Lighthouse Residence, Bucharest, Romania.

11. Defendant MUHAMMAD KHALID RAHEEM is an individual who, according to his DMCA counter-notice, lists an address at Unit B2, 4-6 Greatorex Street, London E1 5NF. Exhibit A.

12. Defendant SOHAIB MEHAR is an individual who submitted a DMCA counter-notice listing the same London address. Exhibit B.

13. Defendant MUHAMMAD KHALID RAHEEM LTD. is a United Kingdom company incorporated on September 19, 2025, with its registered office at Unit B2, 4-6 Greatorex Street, London E1 5NF, and with Defendant, MUHAMMAD KHALID RAHEEM, listed as its director and controlling shareholder. Exhibit C.

14. Upon information and belief, the individual defendants and the corporate defendant operate together as a common enterprise engaged in the sale of infringing books through online storefronts.

15. Upon information and belief, Defendants are the alter egos of one another and operate as a single business enterprise. Each Defendant participated in, directed, controlled, or knowingly benefited from the unlawful activities described herein.

16. Each Defendant acted as the agent, partner, servant, employee, co-conspirator, or alter ego of the other Defendants in committing the acts alleged herein. Accordingly, all Defendants are jointly and severally liable for the acts alleged in this Complaint.

17. Defendants operate websites and online storefronts including but not limited to:

- https://shopspikes.com

- https://buycura.co

- related Shopify storefront listings

These websites and storefronts advertise and sell unauthorized copies of Plaintiff's book.

## FACTUAL BACKGROUND

18. Plaintiff is the exclusive owner of all rights, title, and interest in and to the book based on, but not limited to:

### REGISTERED TRADEMARK RIGHTS

19. Plaintiff owns valid and subsisting United States trademark registrations for FORGOTTEN HOME APOTHECARY, including:

- U.S. Trademark Registration No. 7,943,781 (Principal Register), registered September 16, 2025, covering goods and services in International Classes 9, 16, 35, and 41. Exhibit D.

- U.S. Trademark Registration No. 8,065,574 (Principal Register), registered December 16, 2025, covering goods and services in International Classes 9, 16, 35, and 41. Exhibit E.

20. These registrations are valid, subsisting, and constitute prima facie evidence of Plaintiff's ownership and exclusive right to use the marks in commerce.

## REGISTERED COPYRIGHTS

21. Plaintiff owns multiple United States copyright registrations covering the book, its contents, artwork, and cover design, including:

- VAu 1-538-856
- VAu 1-533-601
- TXu 2-445-163
- TXu 2-446-715 (Exhibit F).

## TRADE DRESS

22. Plaintiff's book includes distinctive trade dress including a vintage apothecary cabinet design featuring shelves of herbal jars, stylized banner text, botanical imagery and a distinctive arrangement of medicinal containers and botanical illustrations surrounding the title banner.

23. The book comprises: a detailed image resembling a vintage, wooden medicine cabinet. The cabinet is crafted with a dark wooden frame that showcases intricate carvings. Inside the cabinet, there are multiple shelves filled with an assortment of bottles, jars, and containers of various shapes and sizes, labeled with different contents having variety of herbal remedies and ingredients. The labels on containers are styled in script and print. Surrounding the central banner where the book's title, "Forgotten Home Apothecary," is prominently displayed in a decorative red and gold banner, are various botanical illustrations including herbs, leaves, and twig-like elements that frame the title. Below the title, the subtitle "250 Powerful Remedies at Your Fingertips" is

situated in a smaller style. The author's name, "Nicole Apelian Ph.D.," is featured at the bottom of the cover.



24. Plaintiff's book has been extensively marketed, distributed, and sold in the United States since at least as early as 2023, generating substantial consumer recognition and goodwill. As a result of this continuous use and promotion, Plaintiff has established enforceable trademark rights in the content, title, design, and trade dress of the books.

25. Beginning in late 2025 and continuing into 2026, Plaintiff discovered that Defendants were advertising and selling counterfeit versions of the book through websites including <www.shopspikes.com> and <www.buycura.co>.

26. The infringing websites reproduce Plaintiff's copyrighted images, including the book cover and interior pages, and prominently display Plaintiff's trademarks. Defendants' conduct is likely to cause consumer confusion as to the source, sponsorship, or affiliation of the

infringing books. Screenshots of the infringing websites are attached as Exhibit G (ShopSpikes) and Exhibit H (Buycura).

27. Notably, the unauthorized use included advertising content of Plaintiff's book. The fact that the materials are substantially identical reproductions demonstrates that Defendants intentionally sought to mislead consumers and profit from Plaintiff's goodwill.

28. To safeguard its intellectual property rights and mitigate consumer confusion, Plaintiff filed Digital Millennium Copyright Act (DMCA) takedown notices with Shopify regarding the unauthorized content:

(i) Report ID: aac369b8-8f71-4b8a-9cb1-fa6639a52a1d, directed to unauthorized uses at

- https://shop.app/products/8269829013687/forgotten-home-apothecary-250-powerfulremedies-at-your-fingertips; and,

- https://buycura.co/products/forgotten-home-apothecary-250-powerful-remedies-atyour-Fingertips;

(ii) Report ID: 50364649-407f-442d-9c29-3ac68ccbce1b, directed to unauthorized uses at

- https://shop.app/products/10013834445076/forgotten-home-apothecary-250-powerful-remedies-at-your-fingertips; and,

- https://shopspikes.com/products/forgotten-home-apothecary-250-powerful-remediesat-your-fingertips.

29. Following the foregoing DMCA complaints, the Defendants' infringing advertisements suspended.

30. On or about the time period between February 16, 2026, and February 23, 2026, Defendants filed Counter-Notices, falsely claiming that the takedowns were in error and asserting a "good faith belief" that their actions were lawful.

31. Under Shopify's policy, the infringing advertisement may be reinstated unless Plaintiff files a federal lawsuit.

32. Defendants' actions demonstrate willful infringement and deliberate attempts to profit from Plaintiff's goodwill. And, because at least of the counter notices remain pending, Defendant's actions leave Plaintiff no alternative but to initiate this lawsuit to prevent ongoing harm and seek damages.

## CLAIMS FOR RELIEF

## COUNT I

## COPYRIGHT INFRINGEMENT

**[17 U.S.C. § 501]**

33. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

34. Plaintiff is the lawful owner of valid and enforceable U.S. Copyright Registrations for the Work, its contents and cover artwork, which confer exclusive rights under 17 U.S.C. § 106, including the rights to reproduce, distribute, display, and create derivative works based on the copyrighted materials.

35. Defendants, without authorization or consent, willfully and unlawfully reproduced, distributed, and displayed counterfeits and/or unauthorized copies of Plaintiff's copyrighted materials in violation of 17 U.S.C. § 501 continuously from the time beginning from at least as early as before January 2026, to the present. Acts of infringement occurred after the Plaintiff received its copyright registration.

36. Defendant's actions constitute willful infringement as defined under the Copyright Act, entitling Plaintiff to enhanced statutory damages under 17 U.S.C. § 504(c). Under 17 U.S.C.

§ 505, Plaintiff seeks recovery of its attorneys' fees, costs, and expenses incurred in this action because of Defendants infringing activities.

37. As a direct and proximate result of the Defendants' infringing acts, the Plaintiff has suffered and will continue to suffer irreparable harm and economic damages for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, the foregoing infringing acts will continue to cause irreparable injury to Plaintiff who has no adequate remedy at law.

38. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting further importing, advertising, using, making, or infringing the protections under Global Brother U.S. Copyright Registrations, and ordering all unauthorized copies that shall exist, to be destroyed or forfeited.

## COUNT II

## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

## [15 U.S.C. §§1114 and 15 U.S.C. § 1125(a)]

39. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

40. Plaintiff owns enforceable registered trademarks and trade dress rights in the Work and to the non-functional, unique designs of its books, covers and titles (the trade dress and title marks collectively referred to as "Plaintiffs Trademarks").

41. The Plaintiff's Trademarks have been in continuous use in U.S. interstate commerce by Plaintiff prior to any date which can be legally claimed by Defendant.

42. Plaintiff's Trademarks are inherently distinctive and/or has acquired distinctiveness and secondary meaning based on substantial promotion, sales, marketing, and use in U.S.

commerce. Consumers associate the unique titles, unique pattern-design of the books as originating exclusively from Plaintiff.

43. Defendant's unauthorized use of Plaintiff's trade dress, titles, and overall designs constitutes false misleading representations of fact that is likely to cause confusion or mistake, or to deceive the public as to the origin, sponsorship, or approval, false description, and unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

44. As a direct and proximate result of the foregoing acts, the Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, royalties, and other damages in an amount to be determined at trial; and continues to suffer irreparable harm, loss of goodwill, and monetary damages as a direct result of Defendant's unfair competition.

45. Plaintiff seeks damages, including Defendant's profits, actual damages, and costs, pursuant to 15 U.S.C. § 1117(a), as well as injunctive relief to prevent further acts of unfair competition and other relief as appropriate to cure harm for which there is no adequate remedy at law. And because Defendant's acts were willful, this is an exceptional case making the Plaintiff eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## COUNT III

## MISREPRESENTATION, COUNTER-NOTICE

## [17 U.S.C. § 512(f)]

46. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

47. Defendant knowingly and materially misrepresented their rights to distribute and display the infringing books in the counter-notice.

48. Defendant's false assertions in the counter-notices constitute a violation of 17 U.S.C. § 512(f), as they acted with actual knowledge of the falsity of their claims or reckless disregard for the truth.

49. As a result of Defendant's misrepresentations, Plaintiff has suffered and will continue to suffer damages, including but not limited to costs and attorneys' fees incurred in addressing Defendant's unlawful conduct including but not limited to having to file this complaint.

## COUNT IV

## VIOLATIONS OF DELAWARE

## DECEPTIVE TRADE PRACTICES ACT

## [6 *Del. C.* § 2531 et seq.]

50. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

51. Delaware's Deceptive Trade Practices Act (DTPA), 6 Del. C. § 2531 et seq., prohibits unfair or deceptive acts or practices in the conduct of trade or commerce. The statute is designed to protect consumers and legitimate business entities from harm caused by unfair business practices and deceptive trade acts.

52. Defendant engaged in conduct that violates 6 Del. C. § 2532(a) by advertising, offering for sale, selling, distributing, and attempting to distribute counterfeit and unauthorized versions of Plaintiff's books. This conduct is unfair and deceptive at least because,

 a. Deceptive Representation of Origin: Defendant deliberately replicated the works, titles, texts, trade dress, and designs of Plaintiff's books, misleading consumers into believing the infringing books are affiliated with, authorized by, or a genuine product of Plaintiff.

11

b. False and Misleading Advertising: Defendant used deceptive advertisements that prominently displayed and published Plaintiff's registered copyrights, in support of procuring unauthorized sales of counterfeit versions of Plaintiff's books, creating confusion among consumers about the source and quality of the product.

c. Use of a Knockoff Product to Mislead Consumers: Defendant unauthorized books mimic Plaintiff's distinctive trade dress and design and allows Defendant to unlawfully capitalize on the goodwill, reputation, and established consumer trust associated with Plaintiff's genuine books.

d. Intentional Consumer Confusion: Defendant's tactics were designed to confuse consumers while evading detection by Plaintiff and online platforms.

e. Harm to Consumers: Consumers who purchased the infringing books received a counterfeit product that was not authorized or endorsed by Plaintiff and priced with the intention to cause consumers to suffer financial loss and diminished trust in Plaintiff's brand.

53. To preserve the integrity of evidence, Plaintiff seeks an injunction to preserve all potentially relevant electronic evidence, including, but not limited to:

a. Data from Shopify accounts, including sales records, customer communications, and financial transactions related to the infringing books;

b. All financial records connected to the infringing books, including revenue, expenses, and profit calculations;

c. Design files, production records, and any related communications concerning the development or manufacture of the infringing books;

   d. Customer communications and data, including complaints, inquiries, or feedback regarding the infringing books;

   e. Records of supplier and distributor relationships, including financial data and agreements.

54. As a direct and proximate result of Defendant's acts and practices, Plaintiff has suffered significant harm, including but not limited to loss of sales and market share due to diverted business, damage to reputation and goodwill, and consumer confusion that undermines trust in Plaintiff's authentic products.

55. Plaintiff is entitled to recover actual damages incurred as a result of Defendant's unfair competition, including compensation for lost revenue, reputational harm, and other economic injuries. Given the willful and knowing nature of Defendant's conduct, Plaintiff is entitled to treble damages.

56. Plaintiff further seeks equitable relief under Delaware law, including injunctive relief pursuant to 6. Del. C. § 2533(a) to prevent Defendant from engaging in further deceptive and unfair practices. Such relief is necessary to safeguard Plaintiff's business interests and to protect consumers from ongoing harm.

57. Pursuant to 6 Del. C. § 2533(b), Plaintiff also seeks recovery of its attorneys' fees and costs incurred in prosecuting this action, as Defendant's conduct constitutes a willful and knowing violation of the State laws.

## COUNT V
### UNJUST ENRICHMENT

58. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

59. By capitalizing on Plaintiff's intellectual property and goodwill, Defendant unjustly obtained and continues to obtain benefit, including but not limited to: Revenue generated from the sale of counterfeit books; Cost savings by avoiding investment in original design, marketing, and branding efforts; and Consumer trust and market recognition built upon Plaintiff's established reputation.

60. Plaintiff has suffered and continues to suffer significant harm, including Loss of revenue and market share due to diverted sales; Reputational harm caused by consumer confusion; and Diminished goodwill in the marketplace.

61. Plaintiff's loss is a direct and proximate result of Defendant's conduct in capitalizing on Plaintiff's intellectual property and goodwill.

62. There is no justification for Defendant's conduct. Plaintiff never authorized Defendant to use its intellectual property or to benefit from its reputation and goodwill. In addition, Defendant knew or should have known that its actions were unauthorized, unlawful, and performed directly at Plaintiff's expense. Prior to filing a counter-notice, the Defendant should have investigated the dispute. Instead, with wanton disregard, Defendant filed a counter-notice, acted willfully and deliberately to exploit Plaintiff's intellectual property for financial gain, with full knowledge it had no right to do so.

63. Plaintiff has no adequate remedy at law to compensate it for the detriment caused by Defendant's conduct.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff respectfully requests judgment in its favor and against Defendants as follows:

  a. Permanent injunctive relief prohibiting Defendants from further infringing, unfair competition, and deceptive practices;

  b. Statutory damages under the Lanham Act and Copyright Act;

  c. Actual damages, including lost profits and compensation for reputational harm;

  d. Treble damages for willful violations of the Lanham Act under 15 U.S.C. § 1117;

  e. Disgorgement of Defendants' profits from infringing activities;

  f. Attorneys' fees, costs, and expenses under 15 U.S.C. § 1117, 17 U.S.C. § 505, and/or 6 Del. C. § 2533(b);

  g. An order requiring the destruction or forfeiture of all infringing materials in Defendant's possession custody or control;

  h. Restitution for unjust enrichment under Delaware law;

  i. Pre-judgment interest at the maximum legal rate;

  j. Post-judgment interest at the maximum legal rate;

  k. Awarding Plaintiff the costs of this action; and

  l. All other and further relief the Court deems just and equitable.

Dated: March 13, 2026

                       **SMITH, KATZENSTEIN & JENKINS LLP**

                       */s/ Daniel A. Taylor*
                       Neal C. Belgam (No. 2721)
                       Daniel A. Taylor (No. 6934)
                       1000 N. West Street, Suite 1501
                       Wilmington, DE 19801
                       (302) 652-8400
                       nbelgam@skjlaw.com
                       dtaylor@skjlaw.com

                       *Counsel for Plaintiff Global Brother SRL*