# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
~~FOR THE DISTRICT OF DELAWARE~~
FOR THE DISTRICT OF DELAWARE

GLOBAL BROTHER SRL,

      Plaintiff,

    v.

MUHAMMAD KHALID RAHEEM,
SOHAIB MEHAR, MUHAMMAD KHALID
RAHEEM LTD., ROCKY BAHI, SOHAIB
KHALID, KHALID RAHEEM, AOUN
BILAL, and JOHN DOES 1~~10,~~ -20,

      Defendants.

C.A. No. ~~25-_____~~ 26-0278-MN

**AMENDED COMPLAINT**

Plaintiff Global Brother SRL ("Plaintiff"), by and through undersigned counsel, files this Amended Complaint against Defendants MUHAMMAD KHALID RAHEEM, SOHAIB MEHAR, MUHAMMAD KHALID RAHEEM LTD., ROCKY BAHI, SOHAIB KHALID, KHALID RAHEEM, AOUN BILAL, and JOHN DOES 1~~10~~-20 (collectively, "Defendants"), and alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action for copyright infringement and related claims arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq., trademark infringement, false designation of origin, ~~and~~ unfair competition under the Lanham Act, and related violations of Delaware law.

~~1.~~2. Plaintiff is a worldwide publisher of books and has invested substantial resources in creating and distributing its protected materials, including copyrighted books and associated images, registered trademarks, trade dress, and intellectual property rights.

2.3. Defendants, individually and acting in concert with one another, have engaged in the unauthorized reproduction, display, advertisement, distribution, and sale of counterfeit or infringing versions of Plaintiff's book titled "FORGOTTEN HOME APOTHECARY: 250 POWERFUL REMEDIES AT YOUR FINGERTIPS" ("Forgotten Home Apothecary," " or the "Work"). The Work has achieved substantial commercial success and consumer recognition, including appearing on Amazon bestseller charts in categories relating to natural remedies and herbal medicine.

4. Defendants' activities occurconduct occurred through multiple websites and online storefronts and internet domains, including but not limited to <www.shopspikes.com> and <www.>, <buycura.co>, <sitespark.shop>, <gulggo.shop>, <visithub.shop>, <martme.store>, <routeshop.shop>, <buynbuy.store>, <cloudshiftsol.com>, <doorup.shop>, <bestware.online>, and related Shopify storefronts, and are directed toward consumers in the United States.and Shop App listings. (**Exhibit A** (Counter-notice summary)).

5. After Plaintiff submitted DMCA takedown notices concerning Defendants' conduct occurs ininfringing listings, Defendants submitted numerous DMCA counter-notices using different names, email addresses, websites, and street addresses, while sharing common identifying information, including the same telephone number (447577350255) and substantially affects interstate commerce within the meaningoverlapping addresses.

3.6. Defendants' repeated submission of the Lanham Act, 15 U.S.C. §§1114counter-notices, continued use of multiple storefronts, use of overlapping identifying information, and 1125failure to provide a legitimate basis for their claimed rights demonstrate willful,

knowing, and intentional infringement, warranting maximum statutory damages, enhanced damages, attorneys' fees, costs, and injunctive relief. Defendants' conduct demonstrates willful infringement because Defendants continued to submit counter-notices and seek reinstatement of listings after receiving actual notice of Plaintiff's rights and takedown demands.

4.    Through this action, Plaintiff seeks to protect its exclusive intellectual property rights and to prevent further infringement and consumer deception.

5.    Plaintiff seeks injunctive relief, enhanced statutory damages for willfulness, actual damages, attorneys' fees, and all other relief the Court deems appropriate.

## JURISDICTION AND VENUE

6.7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under federal law, including the Copyright Act and the Lanham Act.

7.8. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), which grants federal district courts original jurisdiction over actions relating to copyrights and trademarks.

8.9. This Court also has jurisdiction under 15 U.S.C. § 1121 for actions arising under the Lanham Act; the Court has, and supplemental jurisdiction over related state law claims under 28 U.S.C. §- 1367; and, venue is proper in this District pursuant to 28 U.S.C. § 1391.

10. 9.   Defendants have Venue is proper because each Defendant who submitted a DMCA counter-notice expressly consented to personal jurisdiction in a United States federal court, including this District. (*E.g.*, **Exhibit D** at 3 of 56 ("I consent to the jurisdiction of the United States Federal District Court for the judicial district in which my address listed above is located or, if my address listed above is located outside of the United States, I consent to the jurisdiction of the Federal District Court for the District of

3

Delaware.")). Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants consented to the District of Delaware by submitting DMCA counter-notices in response to Plaintiff's takedown requests. In those counter-notices, which triggered the statutory requirement that Plaintiff file an action seeking a court order to restrain Defendants from engaging in infringing activity. (*Id.*).

11. Each Defendant identified in paragraphs 14–20 submitted or caused to be submitted a DMCA counter-notice tied to the storefront attributed to that Defendant. And each Defendant who submitted, caused to be submitted, or benefited from a DMCA counter-notice expressly agreed to accept service of process and submit to jurisdiction in the Federal District Court for the judicial district in which Plaintiff may be found, which is the District of Delaware if litigation were filed.

9.12.  The Court has personal jurisdiction over Defendants because they purposefully directed infringing commercial activity toward the United States, submitted counter-notices invoking the protections of the DMCA, sought reinstatement of infringing listings directed to U.S. consumers, and expressly consented to jurisdiction as part of the counter-notice process. To the extent any Defendant disputes submission of a counter-notice, jurisdiction is independently proper because each Defendant purposefully directed infringing commercial activity to U.S. consumers through interactive e-commerce websites.

## THE PARTIES

10.13. Plaintiff GLOBAL BROTHER SRL is a Romanian Societate cu Raspundere Limitata organized under the laws of Romania with its principal place of business at Ghiozdanului 22A Lighthouse Residence, Bucharest, Romania.

11.14.  Defendant MUHAMMAD KHALID RAHEEM is an individual who, according to hisa DMCA counter-notice, lists anused the email address atsohaibkhalid6570@gmail.com, telephone number 447577350255, and address Unit B2, 4-6 Greatorex Street, London E1 5NF. Exhibit A. The counter-notice related to <shopspikes.com> and Shopify Ticket ID 50364649-407f-442d-9c29-3ac68ccbce1b.

12.15.  Defendant SOHAIB MEHAR is an individual who submitted, according to a DMCA counter-notice listing, used the same Londonemail address. Exhibit B sohaibmehar9292@gmail.com, telephone number 447577350255, and address Unit B2, 4-6 Greatorex Street, London. The counter-notice related to <buycura.co> and Shopify Ticket ID aac369b8-8f71-4b8a-9cb1-fa6639a52a1d.

13.16.  Defendant MUHAMMAD KHALID RAHEEM LTD. is a United Kingdom company incorporated on or about September 19, 2025, with its registered office at Unit B2, 4-6 Greatorex Street, London E1 5NF, and with Defendant, MUHAMMAD KHALID RAHEEM, listed as its director and controlling shareholder. Exhibit C.

17. Upon information and belief, the Defendant ROCKY BAHI is an individual defendantswho, according to a DMCA counter-notice, used the email address rockybhai143873@gmail.com, telephone number 447577350255, and address 40 Percy Street, Nelson GB BB9 0NQ. The counter-notice related to <sitespark.shop> and Shopify Ticket ID 703db68c-159a-4961-8f04-a3b62952ccdf.

18. Defendant SOHAIB KHALID is an individual who, according to DMCA counter-notices, used the corporate defendant operate together as a common enterprise engaged inemail addresses waleedphoolgujjar5490@gmail.com and/or connierussel55@gmail.com, telephone number 447577350255, and addresses 40 Percy

Street, Nelson GB BB9 0NQ and/or 47 Ellora Road, London. The counter-notices related to <gulggo.shop> and <doorup.shop>, including Shopify Ticket IDs 37b5d9f0-e73e-41ce-98e9-b9fb854f8ad4 and 4185-bc1e-c474cd7b84db.

19. Defendant KHALID RAHEEM is an individual who, according to DMCA counter-notices, used the ~~sale of~~ email addresses bessiejones609@gmail.com, janicecarter454@gmail.com, and/or asadmalik549900@gmail.com, telephone number 447577350255, and address Unit B2, 4-6 Greatorex Street, London. The counter-notices related to <visithub.shop>, <martme.store>, <routeshop.shop>, and <buynbuy.store>, including Shopify Ticket IDs 131c0614-b23a-4e7a-b33d-1031781815ac, 99051f2a-43fd-4adf-b578-e90d992d251a, 27d6941d-0b4c-4397-86e8-623ab9ca9c18, and e9cd9af1-f8d7-4623-b7ee-d37558823787.

20. Defendant AOUN BILAL is an individual who, according to DMCA counter-notices, used the email addresses ranatunga5490@gmail.com and/or kimberliemurphy7@gmail.com, telephone number 447577350255, and address 47 Ellora Road, London. The counter-notices related to <cloudshiftsol.com> and <bestware.online>, including Shopify Ticket IDs 0e44e7e0-f883-4185-bc1e-c474cd7b84db and c861d598-fcd1-44b3-ad4f-1db2278eb437.

21. John Does 1-20 are presently unknown individuals, entities, alter egos, aliases, storefront operators, account holders, payment processors, suppliers, distributors, and co-conspirators who participated in, directed, controlled, enabled, benefited from, or are otherwise responsible for the infringing ~~books through online~~ acts alleged herein. And, each Defendant identified above is specifically linked to a storefront and counter-notice identified in Exhibit A, and each Defendant either (i) operated the identified

storefront, or (ii) knowingly permitted its use to sell infringing copies of Plaintiff's Work.

14.22.  Upon information and belief, Defendants used multiple names, email addresses, websites, and storefronts to conceal their common control, evade enforcement, and continue selling unauthorized copies of Plaintiff's Work.

15.23.  Upon information and belief, Defendants are the operate as a common enterprise, are alter egos of one another and operate as a single business enterprise. Each Defendant participated in, directed, controlled, or knowingly benefited from the unlawful activities described herein. , and/or acted in concert through shared infrastructure, shared telephone number, overlapping addresses, overlapping product listings, common use of Plaintiff's copyrighted book and marks, and coordinated counter-notice activity.

16.24.  Each Defendant acted as the agent, partner, servant, employee, co-conspirator, joint tortfeasor, or alter ego of the other Defendants in committing the acts alleged herein. Accordingly, all Defendants are jointly and severally liable for the acts alleged in this Complaint.

17.    Defendants operate websites and online storefronts including but not limited to:

- https://shopspikes.com

- https://buycura.co

- related Shopify storefront listings

These websites and storefronts advertise and sell unauthorized copies of Plaintiff's book.

**FACTUAL BACKGROUND**

18.25. Plaintiff is the exclusive owner of all rights, title, and interest in and to ~~the book based on, but not limited to:~~FORGOTTEN HOME APOTHECARY, including copyright rights in the text, images, artwork, cover design, and related expressive elements, as well as trademark and trade dress rights associated with the title, cover design, and source-identifying elements of the Work.

## REGISTERED TRADEMARK RIGHTS

19. Plaintiff owns valid and subsisting United States trademark registrations for FORGOTTEN HOME APOTHECARY, including~~:~~

U.S. Trademark Registration No. 7,943,781 ~~(Principal Register),~~ registered September 16, 2025, covering goods and services in International Classes 9, 16, 35, and 41~~. Exhibit D.~~

26. , and U.S. Trademark Registration No. 8,065,574 ~~(Principal Register),~~ registered December 16, 2025, covering goods and services in International Classes 9, 16, 35, and 41. (**Exhibit ~~E.~~B).**

20.27. ~~These~~Plaintiff's trademark registrations are valid, subsisting, and constitute prima facie evidence of Plaintiff's ownership and exclusive right to use the marks in commerce.

## REGISTERED COPYRIGHTS

21. Plaintiff owns multiple United States copyright registrations covering the ~~book~~Work, its contents, artwork, and cover design, including~~:~~

VAu 1-538-856

, VAu 1-533-601

, TXu 2-445-163

8

28. , and TXu 2-446-715. (**Exhibit FC**).

## TRADE DRESS

29. Plaintiff's book includes distinctive trade dress, including a vintage apothecary cabinet design featuring shelves of herbal jars, stylized banner text, botanical imagery, and a distinctive arrangement of medicinal containers and botanical illustrations surrounding the title banner.

30. The bookcover design comprises: a detailed image resembling a vintage, wooden medicine cabinet. The cabinet is crafted with a dark wooden frame that showcases intricate carvings. Inside the cabinet, there are, multiple shelves filled with an assortment of bottles, jars, and containers of various shapes and sizes, labeled with different contents having variety of herbal remedies and ingredients. The labels on containers are styled in script and print. Surrounding the central banner where the book's, botanical illustrations framing the title, "Forgotten Home Apothecary," is prominently displayed in a decorative red and gold banner, are various botanical illustrations including herbs, leaves, and twig-like elements that frame the title. Below the titletitle banner, the subtitle "250 Powerful Remedies at Your Fingertips" is situated

9

in a smaller style. The author's, and the author name, " Nicole Apelian Ph.D., " is featured at. near the bottom of the cover. (see below).



24.31.  Plaintiff's bookWork has been extensively marketed, distributed, advertised, and sold in the United States since at least as early as 2023, generating substantial consumer recognition and goodwill. As a result of this continuous use, advertising, and promotionsales, Plaintiff has established enforceable trademark and trade dress rights in the contentWork, title, cover design, and trade dress source-identifying presentation of the booksbook.

25.    Beginning in late 2025 and continuing into 2026, Plaintiff discovered that Defendants were advertising and selling counterfeit versions of the book through websites including <www.shopspikes.com> and <www.buycura.co>.

26.32.  TheDefendants' infringing websites reproducereproduced Plaintiff's copyrighted images, including the book cover and interior pagesrelated advertising images, and

prominently displaydisplayed Plaintiff's trademarks. and trade dress. Defendants' conduct iswas likely to cause consumer confusion as to the source, sponsorship, approval, or affiliation of the infringing books. Screenshots of the infringing websites are attached as Exhibit G (ShopSpikes) and Exhibit H (Buycura).

27.33. Notably, the unauthorized use included advertising content The infringing listings were not accidental or incidental. Defendants copied the title, cover design, trade dress, copyrighted images, and commercial presentation of Plaintiff's book. The fact that the materials are substantially identical reproductions demonstrates that Defendants intentionally sought Work to mislead consumers and profit from Plaintiff's goodwill.

28. To safeguard its intellectual property rightsIn late 2025 and mitigate consumer confusion, continuing into 2026, Plaintiff filed Digital Millennium Copyright Act (submitted DMCA) takedown notices withto Shopify regarding the concerning unauthorized content:

(i) Report ID: aac369b8-8f71-4b8a-9cb1-fa6639a52a1d, directed to unauthorized uses at https://shop.app/products/8269829013687/forgotten-home-apothecary-250-powerfulremedies-at-your-fingertips; and, https://buycura.co/products/forgotten-home-apothecary-250-powerful-remedies-atyour-Fingertips;

(ii) Report ID: 50364649-407f-442d-9c29-3ac68ccbce1b, directedlistings for FORGOTTEN HOME APOTHECARY, including listings connected to unauthorized uses at https://shop.app/products/10013834445076/forgotten-home-apothecary-250-powerful-remedies-at-your-fingertips; and, https://<shopspikes.com/products/forgotten-home-apothecary-250-powerful-remediesat-your-fingertips.

11

29.34. >, <buycura.co>, and the additional storefronts identified in the counter-notice summary. (**Exhibit A**). Following ~~the foregoing DMCA complaints,~~ those takedowns, Shopify removed or disabled access to the ~~Defendants'~~identified infringing ~~advertisements suspended.~~ listings.

35. ~~On or about the time period between February 16, 2026, and February 23, 2026,~~ After Plaintiff's takedown notices, Defendants ~~filed Counter-Notices, falsely claiming~~submitted or caused to be submitted multiple DMCA counter-notices. (**Exhibit D**). The counter-notices asserted that the takedowns were ~~in error and asserting a "good faith belief" that their actions~~the result of mistake or misidentification and sought reinstatement of the infringing materials.

36. The counter-notices identified multiple names, websites, email addresses, and street addresses, but they shared common identifying information, including the same telephone number, 447577350255, and overlapping addresses. These overlaps show, at minimum, coordinated activity and support the allegation that the counter-notices and storefronts are part of the same infringing enterprise.

37. The counter-notice summary identifies at least the following storefronts and counter-notice identities: <shopspikes.com> / Muhammad Khalid Raheem; <buycura.co> / Sohaib Mehar; <sitespark.shop> / Rocky Bahi; <gulggo.shop> / Sohaib Khalid; <visithub.shop> / Khalid Raheem; <martme.store> / Khalid Raheem; <routeshop.shop> / Khalid Raheem; <buynbuy.store> / Khalid Raheem; <cloudshiftsol.com> / Aoun Bilal; <doorup.shop> / Sohaib Khalid; and <bestware.online> / Aoun Bilal. (**Exhibit A**).

38. Plaintiff attempted to resolve the dispute without litigation. Plaintiff repeatedly requested withdrawal of the counter-notices and disclosure of sourcing, suppliers, purchase invoices, units purchased and sold, gross revenue, and inventory. Defendants did not provide the requested information and instead caused additional counter-notices to be submitted.

39. On or about March 21, 2026, one corresponding person acknowledged Plaintiff's notice, stated that identified infringing content had been removed, and represented that the Shopify store had reviewed its website to ensure no similar content remained. (**Exhibit E**). However, Plaintiff had already been forced to file suit because the counter-notice deadline had run and because at least one counter-notice had not been withdrawn.

40. After that acknowledgement, Plaintiff received nine more counter-notices using various names and information. The additional counter-notices showed that the infringement was broader than originally known and that Defendants' conduct was not isolated.

41. Defendants' conduct was willful because Defendants copied Plaintiff's protected book, title, images, trademarks, and trade dress; operated multiple storefronts selling the same infringing Work; submitted counter-notices after being notified of Plaintiff's rights; failed to disclose any legitimate source or authorization; used overlapping contact information; and continued efforts to revive infringing listings despite actual notice of Plaintiff's rights.

~~30.~~42.  Defendants' counter-notices materially misrepresented that the listings were ~~lawful.~~ removed or disabled as a result of mistake or misidentification. Defendants knew, or recklessly disregarded, that they had no authorization to reproduce, display, advertise,

13

distribute, sell, or seek reinstatement of Plaintiff's copyrighted Work, trademarks, or trade dress.

31.    UnderBecause Shopify's policy, the infringing advertisement may be reinstated and the DMCA permit reinstatement of removed content after a counter-notice unless Plaintiff the rights holder files an action seeking a federal lawsuit.

32.43. court order restraining the infringing activity, Defendants' actions demonstrate willful infringement and deliberate attempts to profit from Plaintiff's goodwill. And, because at least of the counter--notices remain pending, Defendant's actions leaveleft Plaintiff no reasonable alternative but to initiatefile and amend this lawsuitaction to prevent ongoing harm and seek damages. .

**CLAIMS FOR RELIEF**

**COUNT I**

**COPYRIGHT INFRINGEMENT**

**[17 U.S.C. § 501]**

33.44.  Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

34.45. Plaintiff is the lawful owner of valid and enforceable U.S. Copyright Registrationscopyright registrations for the Work, its text, contents and, cover artwork, and associated images, which confer exclusive rights under 17 U.S.C. § 106, including the rights to reproduce, distribute, display, and create derivative works based on the copyrighted materials.

35.46.  Defendants, without authorization or consent, willfully and unlawfully reproduced, distributed, and displayed counterfeits and/, advertised, offered for sale, and sold counterfeit or unauthorized copies of Plaintiff's copyrighted materials in violation of

14

17 U.S.C. § 501 ~~continuously from the time beginning from at least as early as before January 2026, to the present. Acts of infringement occurred after the Plaintiff received its copyright registration~~.

47. ~~Defendant's actions constitute willful~~Defendants' infringements occurred after Plaintiff obtained copyright registrations and after Defendants had actual notice of Plaintiff's rights through Plaintiff's takedown notices and correspondence.

48. Defendants' infringement ~~as defined under~~was willful, intentional, and in reckless disregard of Plaintiff's rights. Defendants knowingly copied the ~~Copyright Act, entitling Plaintiff~~ Work and its cover images; used the same protected materials across multiple storefronts; submitted counter-notices after receiving notice of Plaintiff's rights; failed to identify any legitimate source or license; and continued conduct designed to cause reinstatement of infringing listings.

49. Plaintiff is entitled to statutory damages, including enhanced statutory damages up to $150,000 for each willfully infringed work under 17 U.S.C. § 504(c~~). Under 17 U.S.C. § 505,~~ ), or, alternatively, actual damages and Defendants' profits.

~~36.~~50. Plaintiff ~~seeks recovery of~~is entitled to recover its attorneys' fees, costs, and expenses ~~incurred in this action~~under 17 U.S.C. § 505 because ~~of Defendants infringing activities~~Defendants' conduct was willful, unreasonable, and forced Plaintiff to file suit to prevent reinstatement of infringing materials.

~~37.~~51. As a direct and proximate result of ~~the~~ Defendants' infringing acts, ~~the~~ Plaintiff has suffered and will continue to suffer irreparable harm and economic damages for which there is no adequate remedy at law. ~~Unless enjoined and restrained by this Court, the~~

foregoing infringing acts will continue to cause irreparable injury to Plaintiff who has no adequate remedy at law.

38.52.  Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting further importingreproduction, display, distribution, advertising, using, makingsale, importation, or infringing the protections under Global Brother U.S. Copyright Registrationsother infringement of Plaintiff's copyrighted materials, and orderingrequiring the destruction or forfeiture of all unauthorized copies that shall exist, to be destroyed or forfeitedand infringing materials in Defendants' possession, custody, or control.

## COUNT II

## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

## [15 U.S.C. §§ 1114 and 15 U.S.C. § 1125(a)]

39.53.  Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

40.54.  Plaintiff owns enforceable registered trademarks trademark rights and trade dress rights in the WorkFORGOTTEN HOME APOTHECARY, including the title, cover design, and to the non-functional, unique designssource-identifying commercial presentation of its books, covers and titles (the trade dress and title marks collectively referred to as "Plaintiffs Trademarks").the Work.

41.55.  The Plaintiff's Trademarkstrademarks and trade dress have been in continuous useused continuously in U.S. interstate commerce by Plaintiff prior to any date which canthat may be legally claimed by DefendantDefendants.

16

42.56.  Plaintiff's ~~Trademarks~~trademarks and trade dress are inherently distinctive and/or ~~has~~have acquired distinctiveness and secondary meaning based on substantial promotion, sales, marketing, and use in U.S. ~~~~commerce. Consumers associate the ~~unique titles, unique pattern~~ title, cover design, and source-identifying presentation of the ~~books as originating exclusively from~~Work with Plaintiff.

57. ~~Defendant's unauthorized use of~~ Defendants used Plaintiff's registered marks, title, trade dress, ~~titles~~cover design, and ~~overall designs constitutes false misleading representations of fact that~~ confusingly similar source-identifying materials in commerce without Plaintiff's authorization.

58. Defendants' unauthorized use is likely to cause confusion ~~or,~~ mistake, or ~~to deceive the public~~deception as to the origin, sponsorship, ~~or~~affiliation, approval, or authenticity of Defendants' infringing books and listings.

43.59.  Defendants' conduct constitutes trademark infringement under 15 U.S.C. § 1114 and false designation of origin, false description, and unfair competition ~~in violation of Section 43(a) of the Lanham Act (under~~ 15 U.S.C. § 1125(a~~)).~~).

60. Defendants' conduct was willful and intentional because Defendants copied Plaintiff's marks and trade dress, used them across multiple storefronts, and continued to seek reinstatement of infringing listings after receiving notice of Plaintiff's rights.

44.61.  As a direct and proximate result of ~~the foregoing~~Defendants' acts, ~~the~~ Plaintiff has suffered injury, including irreparable injury, ~~and damages, including lost profits, royalties, and other damages in an amount to be determined at trial; and continues to suffer irreparable harm,~~ loss of goodwill, diverted sales, reputational harm, and

17

monetary damages ~~as a direct result of Defendant's unfair competition~~in an amount to be determined at trial.

62. Plaintiff seeks ~~damages, including Defendant's~~Defendants' profits, actual damages, ~~and~~enhanced damages where available, costs, ~~pursuant to~~and attorneys' fees under 15 U.S.C. § 1117~~(a), as well as~~, and injunctive relief ~~to prevent~~preventing further ~~acts~~trademark infringement, false designation of origin, unfair competition, and ~~other relief as appropriate to cure harm for which there is no adequate remedy at law. And because Defendant's~~consumer deception.

~~45.~~63.  Because Defendants' acts were willful, deliberate, and part of a coordinated pattern of infringement, this is an exceptional case ~~making the Plaintiff eligible for~~warranting an award of attorneys' fees under 15 U.S.C. § 1117~~.~~(a).

## COUNT III

## MISREPRESENTATION, COUNTER-NOTICE

## [17 U.S.C. § 512(~~f~~F)]

~~46.~~64.  Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

65. ~~Defendant~~Shopify removed or disabled access to the infringing material in response to Plaintiff's takedown notices, and Defendants' counter-notices sought reinstatement of that removed material. Defendants knowingly and materially misrepresented in their ~~rights to~~ DMCA counter-notices that the removed or disabled materials were removed or disabled as a result of mistake or misidentification.

~~47.~~66.  Defendants knew, or acted with reckless disregard, that they had no authorization, license, ownership interest, or lawful basis to reproduce, display, advertise, distribute

18

and display the infringing books in the counter-notice, sell, or seek reinstatement of listings using Plaintiff's Work, copyrighted images, trademarks, or trade dress.

67. Defendant'sDefendants' counter-notices were material because Shopify's DMCA process permits removed content to be reinstated unless Plaintiff files an action seeking a court order restraining Defendants from engaging in infringing activity.

68. Defendants' counter-notices forced Plaintiff to incur attorneys' fees, costs, and expenses to investigate the counter-notices, communicate with Defendants, prepare and file suit, and amend the pleadings to address additional counter-notices and storefronts.

48.69. Defendants' false assertions in the counter-notices constitute a violationviolations of 17 U.S.C. § 512(f), as they acted with actual knowledge of the falsity of their claims or reckless disregard for the truth.).

49.70. As a result of Defendant'sDefendants' misrepresentations, Plaintiff has suffered and will continue to suffer damages, including but not limited to costs and attorneys' fees incurred in addressing Defendant's unlawful conduct including but not limited to having to file this complaintattorneys' fees, costs, expenses, investigation costs, lost sales, disruption, and other damages to be proven at trial.

<u>COUNT IV</u>

**VIOLATIONS OF DELAWARE**

**DECEPTIVE TRADE PRACTICES ACT**

**[6 *Del. C.* § 2531 et seq.]**

50.71. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

19

51.72. Delaware's Deceptive Trade Practices Act (DTPA), 6 *Del. C.* § 2531 et seq., prohibits unfair or deceptive acts ortrade practices in the conduct of trade or commerce. The statute is designed, including conduct that causes likelihood of confusion or misunderstanding as to protectsource, sponsorship, approval, affiliation, connection, certification, or association. Defendants' conduct affected consumers and legitimate business entities from harm caused by unfair business practices and deceptive trade actsnationwide, including Delaware, through internet sales directed to U.S. consumers, including consumers in this District.

52.73. DefendantDefendants engaged in conduct that violatesviolating 6 *Del. C.* § 2532(a) by advertising, offering for sale, selling, distributing, and attempting to distribute counterfeit and unauthorized versions of Plaintiff's books. This conduct is unfair and deceptive at least because,Work.

a.74. Deceptive Representation of Origin: DefendantDefendants' conduct was deceptive and unlawful because Defendants deliberately replicated the works, titles, textscopied Plaintiff's Work, title, copyrighted images, trademarks, trade dress, and designs of Plaintiff's books,product presentation, thereby misleading consumers into believing the infringing books are were authorized by, affiliated with, authorizedsponsored by, or a genuine productproducts of Plaintiff.

b.75. False and Misleading Advertising: DefendantDefendants used deceptive false and misleading advertisements that prominently displayed and published Plaintiff's registered copyrights, in support of procuringprotected intellectual property to procure unauthorized sales of counterfeit versions of Plaintiff's books, creating confusion

20

among consumers about the source and quality of the product~~or~~ infringing copies of the Work.

~~c.~~76.   Use of a Knockoff Product to Mislead Consumers: ~~Defendant~~Defendants' unauthorized books ~~mimic~~and listings mimicked Plaintiff's distinctive trade dress and design ~~and allows Defendant~~, allowing Defendants to ~~unlawfully~~ capitalize on ~~the~~Plaintiff's goodwill, reputation, and ~~established~~ consumer trust ~~associated with Plaintiff's genuine books~~.

~~d.~~77.   Intentional Consumer Confusion: ~~Defendant's~~Defendants' tactics were designed to confuse consumers while evading detection by Plaintiff and online platforms, including through multiple storefronts, multiple names, multiple email addresses, overlapping addresses, and repeated counter-notices.

~~e.~~78.   ~~Harm to Consumers:~~ Consumers who purchased ~~the~~ or encountered Defendants' infringing ~~books received a counterfeit product~~listings were likely to believe that ~~was not~~the products were genuine, authorized ~~or endorsed~~, sponsored by ~~,~~ or affiliated with Plaintiff ~~and priced with the intention to cause consumers to suffer financial loss and diminished trust in Plaintiff's brand~~, when they were not.

~~53.~~   To preserve the integrity of evidence, Plaintiff seeks an injunction requiring Defendants to preserve all potentially relevant electronic evidence, including~~, but not limited to:~~

A.   ~~Data from~~ Shopify ~~accounts, including~~ account data, sales records, customer communications, ~~and~~ financial transactions ~~related to the infringing books;~~

B.   ~~All financial~~, revenue records ~~connected to the infringing books, including revenue, expenses, and~~ , expense records, profit calculations~~;~~

21

C.    Design, design files, production records, and any related communications concerning the development or manufacture of the infringing books;

D.    Customer communications and data, including complaints, inquiries, or feedback regarding the infringing books;

e.79.    Records of supplier andrecords, distributor relationships, including financial data and agreementsrecords, inventory records, and communications relating to the infringing books.

54.80.  As a direct and proximate result of Defendant'sDefendants' acts and practices, Plaintiff has suffered significant harm, including but not limited to loss of sales and market share due to diverted business, damage to reputation and goodwill, and consumer confusion that undermines trust in, and disruption of Plaintiff's authentic productsenforcement efforts.

55.    Plaintiff is entitled to recover actual damages incurred as a result of Defendant's unfair competition, including compensation for lost revenue, reputational harm, and other economic injuries. Given the willful and knowing nature of Defendant's conduct, Plaintiff is entitled to treble damages.

56.81.  Plaintiff further seeks equitable relief under Delaware law, including injunctive relief pursuant tounder 6. *Del. C.* §- 2533(a) to prevent DefendantDefendants from engaging in further deceptive and unfairtrade practices. Such relief is necessary to safeguard Plaintiff's business interests and to protect consumers from ongoing harm.

57.82.  Pursuant to 6 Del. C. § 2533(b), Plaintiff also seeks recovery of its attorneys' fees and costs incurred in prosecuting this action, as Defendant'sunder 6 *Del. C.* § 2533(b)

because Defendants' conduct ~~constitutes a~~was willful ~~and,~~ knowing ~~violation of the State laws,~~ and intentional.

## COUNT V

## UNJUST ENRICHMENT

~~58.~~83.  Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein. Plaintiff pleads unjust enrichment in the alternative to legal remedies.

~~59.~~84.  By capitalizing on Plaintiff's intellectual property, reputation, advertising, consumer recognition, and goodwill, ~~Defendant~~Defendants unjustly obtained and ~~continues~~continue to obtain ~~benefit~~benefits, including ~~but not limited to: Revenue~~ revenue generated from the sale of ~~counterfeit~~infringing books~~; Cost~~, cost savings ~~by~~from avoiding ~~investment in~~ original authorship and design~~, marketing, and branding efforts;~~ work, and ~~Consumer~~commercial advantage from consumer trust ~~and market recognition~~ built ~~upon Plaintiff's established reputation~~by Plaintiff.

~~60.~~85.  Plaintiff has suffered and continues to suffer ~~significant~~ harm, including ~~Loss of~~lost revenue ~~and market share due to~~, diverted sales~~; Reputational~~, reputational harm ~~caused by consumer confusion; and Diminished~~, diminished goodwill ~~in the marketplace.~~, and enforcement costs.

~~61.~~86.  Plaintiff's loss is ~~a direct and proximate result of Defendant's conduct in capitalizing on~~directly connected to Defendants' benefit because Defendants used Plaintiff's ~~intellectual property~~protected Work, trademarks, and trade dress to attract consumers and ~~goodwill~~generate sales.

87. There is no justification for ~~Defendant's~~Defendants' conduct. Plaintiff never authorized ~~Defendant~~Defendants to use its intellectual property ~~or to~~, sell copies of the Work, display Plaintiff's protected materials, or benefit from ~~its reputation and~~Plaintiff's goodwill. ~~In addition, Defendant~~

~~62.~~88. Defendants knew or should have known that ~~its actions were~~their conduct was unauthorized~~,~~ and unlawful~~, and performed directly at Plaintiff's expense. Prior to filing a counter~~. After receiving notice~~, the Defendant should have investigated the dispute. Instead, with wanton disregard, Defendant filed a counter-notice, acted willfully and deliberately to exploit~~ of Plaintiff's ~~intellectual property for financial gain, with full knowledge it had no right to do so~~rights, Defendants continued to seek reinstatement of infringing listings through counter-notices rather than withdrawing all counter-notices and disclosing their sources, sales, revenues, and inventory.

~~63.    Plaintiff has no adequate remedy at law to compensate it for the detriment caused by Defendant's conduct.~~

89. Equity and good conscience require disgorgement, restitution, and all other appropriate relief to prevent Defendants from retaining benefits obtained through their unlawful conduct.

**PRAYER FOR ~~RELiEF~~RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment in its favor and against Defendants, jointly and severally, as follows:

a.    Permanent injunctive relief prohibiting Defendants, their officers, agents, servants, employees, attorneys, and all other persons who are in active concert or participation with any of them and who receive actual notice of the injunction, from ~~further~~ infringing~~,~~ Plaintiff's

copyrights, trademarks, and trade dress, engaging in unfair competition, ~~and~~ submitting or maintaining false counter-notices, or engaging in deceptive trade practices;

~~b.~~b.    An order requiring Defendants to withdraw all pending DMCA counter-notices concerning Plaintiff's Work and prohibiting Defendants from submitting further counter-notices concerning Plaintiff's Work without a good-faith factual and legal basis;

c.    An order requiring preservation of all relevant evidence, including Shopify account records, sales records, payment records, supplier records, inventory records, customer communications, product files, and communications relating to the infringing books and counter-notices;

d.    Statutory damages for copyright infringement under ~~the Lanham Act and Copyright Act~~17 U.S.C. § 504(c), including enhanced statutory damages up to $150,000 for each willfully infringed work;

~~c.~~e.    Actual damages~~, including lost~~ and Defendants' profits ~~and compensation for reputational harm;~~

~~d.        Treble~~under the Copyright Act, in the alternative to statutory damages ~~for willful violations of the Lanham Act~~where applicable;

f.    Damages, Defendants' profits, costs, enhanced damages where available, and attorneys' fees under 15 U.S.C. § 1117;

~~e.        Disgorgement of Defendants' profits from infringing activities;~~

~~f.~~g.    Damages caused by Defendants' DMCA misrepresentations under 17 U.S.C. § 512(f), including attorneys' fees, costs, investigation expenses, and other damages caused by the counter-notices;

25

h.    Attorneys' fees, costs, and expenses under 17 U.S.C. § 505, 15 U.S.C. § 1117, 17 U.S.C. § ~~505,~~ 512(f), and~~/or~~ 6 *Del. C.* § 2533(b);

~~g.~~i.    An order requiring the destruction ~~or,~~ forfeiture, or transfer to Plaintiff of all infringing materials in

~~Defendant's~~ Defendants' possession, custody, or control;

~~h.    Restitution~~j.    Disgorgement of Defendants' profits and restitution for unjust enrichment ~~under Delaware law~~;

~~i.~~k.    Pre-judgment interest at the maximum ~~legal~~lawful rate;

~~j.~~l.    Post-judgment interest at the maximum ~~legal~~lawful rate;

~~k.    Awarding Plaintiff the costs~~m.    Costs of this action; and

~~l.~~n.    All other and further relief the Court deems just and equitable.

Dated: April 29, 2026

*Of Counsel:*

Jason L. DeFrancesco
DEFRANCESCO LAW
174 Nassau Street, No. 325
Princeton, NJ 08542
(910) 833-5428
jasond@defrancesco.law

**SMITH, KATZENSTEIN & JENKINS LLP**

*/s/ Daniel A. Taylor*–
Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Counsel for Plaintiff Global Brother SRL*